JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANNY and ORLEE RAYMOND,     )    NO. CV 13-3175 FMO (VBKx)
                  )
         Plaintiffs,    )
                  )
      v.         )    **ORDER REMANDING ACTION TO STATE**
                  )    **COURT**
LAMIN DIA, et al.,     )
                  )
         Defendants.   )
_____ )

On January 16, 2012, Danny Raymond and Orlee Raymond ("plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles ("state court") against Lamin Dia, aka Mouhamadou Lamine Dia; Fatu Dia; and Does 1 to 10, in what appears to be a routine unlawful detainer action. (See Notice of Removal of Civil Action ("NOR"), Exh. A, ("Complaint")). In their Complaint, plaintiffs seek: (1) possession of the premises at issue; (2) payment of past due rent; (3) damages for the fair rental value of the premises; (4) reasonable attorney fees; and (5) forfeiture of the lease agreement. (See id. at 3).

On May 3, 2013, defendant Lamin Dia ("defendant"),[1] removed the state action to this court. However, plaintiffs could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question

_____

[1] Defendant Fatu Dia did not join in the NOR.

jurisdiction, and therefore removal is improper.   See 28 U.S.C. § 1441(a);[2] Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987);  Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).

As an initial matter, the state court Complaint attached to the NOR asserts only a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1166(a). (See Complaint at 1).  The state court Complaint discloses no federal statutory or constitutional question.  See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint" where "the Complaint contains a single cause of action for unlawful detainer.").

Further, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.[3]  On the contrary, the Complaint states that the action is a limited civil case and that the amount in controversy "does not exceed $10,000."  (See Complaint at 1); see also Cal. Rules of Court 2.111(9).  The only other reference to the amount in controversy is in plaintiffs' prayer for relief which requests "past due rent of $11,700.00," "reasonable attorney fees," "damages at the rate of [$78.00 per day] for each day that defendants remain in possession through entry of judgment," and "costs incurred in this proceeding."  (Complaint at 3); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938), superseded by statute on other grounds, (the status of a case as disclosed by a plaintiff's complaint is controlling for purposes of removal). Because the amount of damages that plaintiffs seek appears to be $75,000 or less, defendant fails

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

to meet his burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have proven, by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted).  Further, defendant appears to be a citizen of the state of California (see NOR at ¶ 9), 28 U.S.C § 1441(b)(2),[4] and plaintiffs may also be citizens of California, (see Complaint at 5), thereby destroying any basis for diversity jurisdiction.  Regardless, defendant has not satisfied his burden to establish diversity jurisdiction. See 28 U.S.C. § 1332(a); Valdez, 372 F.3d at 1117.

Finally, defendant's contention that the state court violated the Fourteenth Amendment of the United States Constitution by not giving defendant "equal civil right[s] [as] a citizen of the United States by the State Court in it[s] proceeding and ruling in the State Court action," (NOR at ¶ 14), is insufficient to provide a basis for removal.  The Rooker-Feldman doctrine prevents the court from reviewing defendant's removal to the extent defendant's removal is based on objections to the state court's rulings.  The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005).  "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 n. 16). As a result, a district court must decline to hear "a forbidden de facto appeal from a judicial decision of a state court" as well as any "issue that is 'inextricably intertwined' with an issue

---

[4] A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title (28 U.S.C § 1332(a)) may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

resolved by the state court in its judicial decision." Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003).

In challenging the "proceeding and ruling in the State Court action," (NOR at ¶ 14), defendant is, in effect, asking this court to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. This court has no jurisdiction to review the judgment entered by the state court in the underlying state case. See McDowell v. California, 2011 WL 3794900 at *3 (N.D. Cal. 2011) ("Thus, whether [defendant] intend[s] to bring an actual or a de facto appeal, this Court does not have jurisdiction to review the state court's decisions."); Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir. 2008) (explaining that "[a] federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.") (internal quotation marks and citations omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of California, Los Angeles County, Van Nuys / Northwest District, 6230 Sylmar Ave, Van Nuys, CA 91401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 28th day of May, 2013.

/s/

Fernando M. Olguin
United States District Judge